IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW ZAKASHEFSKI,<br>702 Spruce Street<br>Kulpmont, PA 17834 | ) Case No. _____<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| M.D. SMITH, INC., t/d/b/a<br>LOGGY BAYOU<br>193 Prescolite Drive<br>El Dorado, AR 71730 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| CABELA'S INCORPORATED<br>One Cabela Drive<br>Sidney, Nebraska 69162, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Cabela's Incorporated

("Cabela's") hereby files this Notice of Removal, removing the above-captioned case from the

Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court

for the Eastern District of Pennsylvania, and in support thereof, states as follows:

### *Statement of Removal*

1.      On or about September 10, 2010, plaintiff Andrew Zakashefski ("Plaintiff")

commenced the above-captioned action in the Court of Common Pleas of Philadelphia County,

Pennsylvania by filing a complaint, which has been indexed at Case No. 100900784

("Complaint").

2.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto and incorporated herein as Exhibit A.

3.     On or about September 10, 2010, Plaintiff mailed a copy of the Complaint to Cabela's.

4.     Cabela's has not yet filed a responsive pleading in the Court of Common Pleas of Philadelphia County, Pennsylvania.

5.     Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6.     Additionally, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."

7.     Because this case involves a claim in excess of $75,000 between citizens of different states, it lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

8.     In removing this matter to this Court, Cabela's does not intend to waive any defenses it might have including, but not limited to, improper service, personal jurisdiction, and venue.

### *Diversity of Citizenship*

9.     Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania. (Compl., Ex. A, at ¶ 1).

10.     Defendant Cabela's is a foreign corporation with a principal place of business located in Sydney, Nebraska. (Compl., Ex. A, at ¶ 5).

- 2 -

11.     As alleged in the Complaint, defendant M.D. Smith, Inc. t/d/b/a Loggy Bayou

("M.D. Smith") is a foreign corporation with a principal place of business located in El Dorado,

Arkansas. (Compl., Ex. A, at ¶ 2).

12.     Upon information and belief, however, M.D. Smith was dissolved in January

2010 and therefore no longer exists.

13.     Further, upon information and belief, M.D. Smith has not been served in this

action.

14.     Therefore, upon information and belief, because M.D. Smith (i) does not exist,

and (ii) has not been served, it need not consent to the removal. *See, e.g., Martorano v. City of*

*Phila.*, 09-cv-3998, 2009 U.S. Dist. LEXIS 96589, at *2-3 (E.D. Pa. Oct. 16, 2009) (holding that

defendant who had not yet been served was not required to consent to removal); 14C CHARLES

ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3731 (4th ed.

2010) (as long as diversity exists, unserved defendants need not consent to removal).

### *Amount in Controversy*

15.     As alleged in the Complaint, the amount in controversy, excluding interests and

costs, is in excess of $150,000.00 and, therefore, exceeds $75,000.00. (Compl., Ex. A, at 8, 10,

11).

### *Removal Procedures*

16.     Removal of this action is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P.

6(a) because this Notice of Removal is being filed within thirty (30) days of Cabela's receiving

the Complaint.

17.     Removal is properly made to the United States District Court for the Eastern

District of Pennsylvania under 28 U.S.C. § 1441(a) because Philadelphia County, where this

action is currently pending, is within the Eastern District of Pennsylvania. *See* 28 U.S.C. §
118(a).

18.     Cabela's will file written notice of the filing of this Notice of Removal with the
Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania concurrently
with the filing of this Notice of Removal and will serve the same on Plaintiff pursuant to 28
U.S.C. § 1446(d).

WHEREFORE, by this Notice of Removal, defendant Cabela's Incorporated hereby
removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, and
requests that this action proceed as properly removed to this Court.

Dated: October 7, 2010

/s/Abram D. Burnett
Abram D. Burnett (PA 93023)
abram.burnett@klgates.com

K&L Gates LLP
17 North Second Street
Harrisburg, PA 17109
Telephone: (717) 231-4500
Facsimile: (717) 231-4501

Of Counsel:

Mark D. Feczko (PA 73827)
mark.feczko@klgates.com
Jared S. Hawk (PA 92959)
jared.hawk@klgates.com

K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

Counsel for defendant Cabela's Incorporated

- 4 -

# Exhibit A

GALFAND BERGER, LLP
BY: RICHARD M. JUREWICZ, ESQUIRE
IDENTIFICATION NO.: 39436
1835 Market Street, Suite 2710
Philadelphia, PA 19103
(215) 665-1600

THIS IS A MAJOR JURY TRIAL
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Attorney for Plaintiff

| ANDREW ZAKASHEFSKI | : | COUNTY OF PHILADELPHIA |
| 702 Spruce Street | : | COURT OF COMMON PLEAS |
| Kulpmont, PA 17834 | : | CIVIL TRIAL DIVISION |
| | : | |
| **Plaintiffs** | : | |
| v. | : | |
| | : | MAJOR JURY DEMANDED |
| | : | |
| M.D SMITH, INC., t/d/b/a | : | |
| LOGGY BAYOU | : | |
| 193 Prescolite Drive | : | |
| El Dorado, AR 71730 | : | Term of 2010 |
| | : | |
| and | : | No.: |
| | : | |
| CABELA'S INCORPORATED | : | |
| One Cabela Drive | : | |
| Sidney, Nebraska 69162 | : | |
| | : | |
| **Defendants** | | |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
One Reading Center
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

Case ID: 100900784

## AVISO

Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo de la demanda y notificacion para asentar una comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o por cualquier reclamacion hecha por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

**USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

ASSOCIACION DE ABOGADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333

2

Case ID: 100900784

## COMPLAINT IN CIVIL ACTION
### 2P – PRODUCT LIABILITY

1.    Plaintiff Andrew Zakashefski is an adult individual and a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 702 Spruce Street, Kulpmont, PA 17834.

2.    Defendant M.D. Smith, Inc., t/d/b/a Loggy Bayou is believed to be a foreign corporation or other legal entity whose principal place of business is located at 193 Prescolite Drive, El Dorado, AR 71730.

3.    At all times material hereto, Defendant M.D. Smith, Inc., was in the business of selling and distributing Loggy Bayou tree stands and other hunting products and equipment.

4.    Based on information and belief, Defendant M.D. Smith, Inc., is a successor-in-interest to Hunting Products, Inc., t/d/b/a Loggy Bayou and has continued uninterrupted the business of Hunting Products, Inc., including the sale and distribution of Loggy Bayou tree stands.

5.    Defendant Cabela's Incorporated is believed to be a foreign corporation with a principal place of business at One Cabela Drive, Sydney, Nebraska 69162.

6.    At all times material hereto, Defendant Cabela's Incorporated was in the business of selling, distributing and marketing hunting equipment, including Loggy Bayou tree stands.

7.    Based on information and belief, at all times material hereto, both Defendants have conducted continuous and regular business in the Commonwealth of Pennsylvania and in the County of Philadelphia.

8.    At all times material hereto, both Defendants acted through their duly authorized agents, ostensible agents and employees who at all times had direct or implied authority from Defendants and acted in the scope of their agency, ostensible agency and/or employment.

3

Case ID: 100900784

9.      Some time prior to October 17, 2009 Defendant Cabela's Incorporated has sold and distributed Loggy Bayou Tree Stands, manufactured, designed and distributed by Hunting Products, Inc., t/d/b/a Loggy Bayou and/or Defendant M.D. Smith, Inc., as a successor-in-interest to Hunting Products, Inc.

10.     On October 17, 2009, Plaintiff Andrew Zakashefski was hunting in the area known as Richards Track, located in Mt. Carmel Township, Pennsylvania.

11.     Plaintiff was using the Loggy Bayou Tree Stand and was about to get down from the tree, when the metal band which attaches the subject Loggy Bayou Tree Stand to the tree, failed, causing Plaintiff Andrew Zakashefski to fall twenty feet to the ground below.

12.     The aforementioned Loggy Bayou Tree Stand involved in Plaintiffs accident was purchased from Defendant Cabela's store in Hamburg, Pennsylvania.

13.     As a direct and proximate result of the failure of the metal band on the subject Loggy Bayou Tree Stand and through no fault of Plaintiff, Plaintiff Andrew Zakashefski sustained severe personal injuries, which include but are not limited to comminuted plateau fracture of the left tibia, which required external and internal fixation, chronic pain syndrome and injuries to his nerves and nervous system the full extent of which are not yet known but believed to be permanent in nature.

14.     As a further result of the collapse and failure of the metal band on the subject Loggy Bayou Tree Stand, Plaintiff has also suffered loss of earnings, earning capacity, past and future; rehabilitative and medical expenses, past, present and future; great pain, suffering and loss of life's pleasures, past and future and psychological injuries, emotional anguish, distress, depression, anxiety and stress.

4

Case ID: 100900784

COUNT I – NEGLIGENCE
PLAINTIFF v. DEFENDANTS M.D. SMITH, INC., t/d/b/a LOGGY BAYOU AND
DEFENDANT CABELA'S INCORPORATED

15.     Plaintiffs re-allege and incorporate by reference each and every preceding

paragraph as if though fully set forth here at length.

16.     The negligence, carelessness and wrongdoing of Defendant M.D. Smith, Inc.,

t/d/b/a Loggy Bayou, as successor-in-interest to Hunting Product Research, Inc., t/d/b/a Loggy

Bayou consisted of the following acts and omissions:

     a) Failure to design, manufacture, market and distribute the aforementioned Loggy
        Bayou Tree Stand with due care;

     b) Failure to incorporate on the subject Loggy Bayou Tree Stand proper and
        adequate component parts for the product's foreseeable and intended uses;

     c) Failure to design the subject Loggy Bayou Tree Stand with the proper metal band
        that could attach to a tree and properly withstand a weight of a person;

     d) Failure to properly fabricate, manufacture and/or provide a metal band of the
        proper strength for the Loggy Bayou Tree Stand;

     e) Failure to design, manufacture and sell the Loggy Bayou Tree Stand with
        sufficient, adequate and proper quality of metal band;

     f) Failure to design the subject Loggy Bayou Tree Stand and its metal strap band
        with sufficient strength to handle stresses associated with the foreseeable uses of
        the product

     g) Failure to use the proper grade of metal for the metal band used to attached the
        subject Loggy Bayou Tree Stand to a tree;

     h) Failure to properly and adequately design, manufacture and sell the subject Loggy
        Bayou Tree Stand with appropriate stress load bearing metal band that will not
        collapse, disrupt and/or fail with the intended and foreseeable uses of the product;

     i) Failure to properly and adequately test and inspect the subject Loggy Bayou Tree
        Stand and its component parts, including the metal band;

     j) Failure to properly and safely manufacture, sell and distribute the subject Loggy
        Bayou Tree Stand and its component parts and structures including but not limited
        to metal attachment band;

Case ID: 100900784

k) Failure to warn or adequately warn Plaintiff of the dangers and risk of injury that Defendant knew or was aware of that existed with this subject product when it was supplied;

l) Failure to assess the hazards and risk of injury associated with the anticipated uses of the aforementioned Loggy Bayou Tree Stand;

m) Failure to perform stress load calculations and other testing data for the design and manufacture of the subject Loggy Bayou Tree Stand;

n) Failure to perform design calculations for the subject Loggy Bayou Tree Stand;

o) Failure to maintain and/or have implemented proper quality control standards, procedures and protocol for the assembly fabrication and sale of the subject Loggy Bayou Tree Stand;

p) Failure to have testing procedures and protocol for the subject Loggy Bayou Tree Stand;

q) Failure to maintain quality control standards and procedures used for the inspection of the subject Loggy Bayou Tree Stand;

r) Failure to perform structural tests and procedures for the subject Loggy Bayou Tree Stand;

s) Failure to incorporate every component or device necessary to make the subject Loggy Bayou tree stand safe for its intended uses;

t) Failure to specify from any metal band component supplier the proper metallurgical grade and composition of metal/steel material so that the metal band would not fail under its reasonably foreseeable uses;

u) Failure to design, market and sell a Loggy Bayou Tree Stand that utilized a design other then a metal strap band as its means of attachment around a tree; and

v) Failure to design, manufacture and sell a Loggy Bayou Tree Stand with a redundancy fail safe back up device to prevent against the product dislodging from its position in a tree in the event of a metal band failure.

17.     The negligence of Defendant Cabela's Incorporated, consisted of the following

acts and omissions:

a) Failure to sell, market and distribute the aforementioned Loggy Bayou Tree Stand with due care;

6

Case ID: 100900784

b) Failure to incorporate on the subject Loggy Bayou Tree Stand proper and adequate component parts for the product's foreseeable and intended uses;

c) Failure provide and sell the subject Loggy Bayou Tree Stand with the proper metal band that could attach to a tree and properly withstand a weight of a person;

d) Failure to provide and sell a metal band of the proper strength for the Loggy Bayou Tree Stand;

e) Failure to provide, supply and sell the Loggy Bayou Tree Stand with sufficient, adequate and proper quality of the metal band;

f) Failure to provide, supply and sell the subject Loggy Bayou Tree Stand and its metal strap band with sufficient strength to handle stresses associated with the foreseeable uses of the product

g) Failure to use a proper grade of metal for the metal band used to attached the subject Loggy Bayou Tree Stand to a tree;

h) Failure to properly and adequately design, manufacture and sell the subject Loggy Bayou Tree Stand with appropriate stress load bearing metal band that will not collapse, disrupt and/or fail with the intended and foreseeable uses of the product;

i) Failure to properly and adequately test and inspect the subject Loggy Bayou Tree Stand and its component parts, including the metal band before sale and resale;

j) Failure to properly and safely manufacture, sell and providethe subject Loggy Bayou Tree Stand and its component parts and structures including but not limited to metal attachment band;

k) Failure to warn or adequately warn Plaintiff of the dangers and risk of injury that Defendant knew or was aware of that existed with this subject product when it was supplied;

l) Failure to assess the hazards and risk of injury associated with the anticipated uses of the aforementioned Loggy Bayou Tree Stand;

m) Failure to perform stress load calculations and other testing data for the design and manufacture of the subject Loggy Bayou Tree Stand;

n) Failure to perform design calculations for the subject Loggy Bayou Tree Stand;

o) Failure to maintain and/or have implemented proper quality control standards, procedures and protocol for the sale and resale of the subject Loggy Bayou Tree Stand;

Case ID: 100900784

p) Failure to have testing procedures and protocol for the subject Loggy Bayou Tree Stand;

q) Failure to maintain quality control standards and procedures used for the inspection of the subject Loggy Bayou Tree Stand before sale and resale;

r) Failure to perform structural tests and procedures for the subject Loggy Bayou Tree Ttand;

s) Failure to incorporate every component or device necessary to make the subject Loggy Bayou tree stand safe for its intended uses;

t) Failure to test or evaluate the metal straps of the Loggy Bayou Tree Stand before selling and reselling them;

u) Reselling defective and unsafe products including Loggy Bayou Tree Stands that were returned to Cabela's by the previous initial purchaser;

v) Failure to have a Quality Control Program for inspecting, testing and evaluating products, including the Loggy Bayou Tree Stand before reselling them in Defendant's Bargain Cave;

w) Failure to sell the Loggy Bayou Tree Stand with a redundancy fail safe backup device to prevent against the product dislodging from a tree in the event of a metal band failure; and

x) Failure to inspect and replace the defective metal band that was supplied with the Loggy Bayou Tree Stand prior to reselling the product.

18.     As a result of the above-described negligence of Defendant W.B. Smith, Inc.,

t/d/b/a Loggy Bayou and Defendant Cabela's Incorporated, Plaintiff Andrew Zakashefski

suffered injures and damages, described in Paragraphs 13 and 14.

WHEREFORE, Plaintiff demands judgment against both Defendants in an amount in

excess of One-Hundred and Fifty Thousand Dollars, excluding interests and costs of suit.

8

## COUNT II – STRICT LIABILITY
### PLAINTIFF ANDREW ZAKASHEFSKI v.
### DEFENDANT M.D. SMITH, INC., t/d/b/a LOGGY BAYOU AND DEFENDANTS
### CABELA'S INCORPORATED

19.   Plaintiff incorporates by reference each and every preceding paragraph as though set forth at length herein.

20.   The aforementioned Loggy Bayou Tree Stand, including its component parts, was defective and unsafe when it left the control of Defendants in that said product was not safe for its reasonably foreseeable uses in that it subjected Plaintiff to serious injuries when the aforementioned product was used in an intended manner.

21.   Defendants are sellers and distributors of the product under the definition of Section 402A of the Restatement (Second) of Torts.

22.   The aforementioned Loggy Bayou Tree Stand, including its component parts, was not equipped with every element necessary to make it safe for its reasonably foreseeable uses.

23.   The Loggy Bayou Tree Stand and its component parts were defectively designed.

24.   The aforementioned Loggy Bayou Tree Stand and its component parts were unreasonably dangerous.

25.   The aforementioned Loggy Bayou Tree Stand was defective and unsafe because of a manufacturing defect in the way the metal band was made and fabricated.

26.   Defendants are strictly liable to Plaintiff due to both a manufacturing and design defect with the aforementioned Loggy Bayou Tree Stand.

27.   As a direct and proximate result of the aforementioned defective and unsafe condition of the subject Lobby Bayou Tree Stand and its component parts, Plaintiff Andrew Zakashefski suffered injures and damages, described in Paragraphs 13 and 14. .

9

Case ID: 100900784

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of One-Hundred and Fifty Thousand Dollars, excluding interests and costs of suit.

## COUNT III – BREACH OF WARRANTY
### PLAINTIFF ANDREW ZAKASHEFSKI v.
### DEFENDANT M.D. SMITH, INC., t/d/b/a LOGGY BAYOU AND DEFENDANT CABELA'S INCORPORATED

28.    Plaintiff incorporates by reference each and every preceding paragraph as though set forth at length herein.

29.    At some time prior to October 17, 2009 and well known to both Defendants, Defendants expressed warranties that the subject Loggy Bayou Tree Stand and its component parts were safe for the purposes intended and were of merchantable quality.

30.    At some time prior to October 17, 2009, and well known to Defendants, Defendants warranted by implication that the aforementioned Loggy Bayou Tree Stand and its component parts were reasonably fit for purposes intended and were of merchantable quality.

31.    That said representations and warranties set forth in the preceding two paragraphs formed part of the sales bargain of the aforementioned Loggy Bayou Tree Stand, including its component parts, and were relied upon by Plaintiff.

32.    That in truth and in fact, said representations and said warranties were false.

33.    As a direct and proximate result of the aforementioned defective and unsafe condition of the subject Loggy Bayou Tree Stand and its component parts, Plaintiff Andrew Zakashelski suffered injures and damages, described in Paragraphs 13 and 14.

34.    Both Defendants are jointly and severally liable to Plaintiff for his injuries and damages.

Case ID: 100900784

WHEREFORE, Plaintiff demands judgment against both Defendants in an amount in excess of One-Hundred and Fifty Thousand Dollars, excluding interests and costs of suit.

GALFAND BERGER, LLP

BY: _____  9/9/2010

RICHARD M. JUREWICZ, ESQUIRE
Attorney for Plaintiff
Identification No: 39436
1835 Market Street, Suite 2710
Philadelphia, PA 19103
rjurewicz@galfandberger.com
Phone: 215-665-1600
Fax:    215-564-2262

11

Case ID: 100900784

## VERIFICATION

I hereby affirm that the following facts are correct:

I am the Plaintiff in the foregoing action and the attached Complaint is based upon information, which we I furnished to my counsel, and information which has been gathered by my counsel in preparation of this lawsuit. The language of the Complaint is that of counsel. I have read the Complaint and to the extent that the Complaint is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.


_____
ANDREW ZAKASHEFSKI

DATE:    8/5/10

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2010, I caused the foregoing document to be served by

United States Mail on the following:

Richard M. Jurewicz, Esquire
1835 Market Street
Suite 2710
Philadelphia, PA 19103

/s/ Abram D. Burnett
Abram D. Burnett